UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GARFIELD G. HENRY,

                Plaintiff,

  -against-                                     Docket No.: 21-cv-10115
                                                   (PMH)(AEK)

MAHOPAC CENTRAL SCHOOL DISTRICT,

                Defendant.
------------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT
# OF DEFENDANT'S MOTION TO DISMISS

*Of Counsel:*   *Caroline B. Lineen, Esq.*
                   *Karen C. Rudnicki, Esq.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………...ii

PRELIMINARY STATEMENT…………………………………………………………..1

STATEMENT OF FACTS…………………………………………………………………2

ARGUMENT……………………………………………………………………………..3

    **POINT I**
    **STANDARD OF REVIEW**……………………………………………………...3

    **POINT II**
    **ANY TITLE VII OR NYSHRL CLAIMS FAIL AS A MATTER OF LAW**………….4

    **POINT III**
    **ANY STATE LAW CLAIMS LIKEWISE FAIL AS A MATTER OF LAW**...……....7

        A.    **Failure to Comply With Condition Precedent**………............................7

        B.    **Untimeliness**……………………………………………………8

        C.    **Emotional Distress Claims**…………………………………….....9

    **CONCLUSION**…………………………………………………………………11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Amorosi v. South Colonie Ind. Cent. School Dist.,
  9 N.Y.3d 367 (2007) .................................................................................................. 9

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ............................................................................................... 3, 4

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) .................................................................................................. 3

Bertuzzi v. Copiague Union Free Sch. Dist.,
  2020 WL 5899949 (E.D.N.Y. Mar. 9, 2020) ........................................................... 9

Biggers v. Brookhaven-Comsewogue Union Free School Dist.,
  127 F.Supp.2d 452 (S.D.N.Y. 2001) .................................................................... 7, 8

Brass v. Am. Film Tech., Inc.,
  987 F.2d 142 (2d Cir. 1993) ..................................................................................... 4

Chanko v. American Broadcasting Companies Inc.,
  27 N.Y.3d 46 (2016) .............................................................................................. 10

Cincotta v. Hempstead Union Free Sch. Dist.,
  2016 WL 4536873 (E.D.N.Y. Aug. 30, 2016) ......................................................... 9

Gaffney v. Dep't of Info. Tech. & Telecommunications,
  536 F. Supp. 2d 445 (S.D.N.Y. 2008) ...................................................................... 6

Gebhardt v. Allspect, Inc.,
  96 F.Supp.2d 331 (S.D.N.Y. 2000) .......................................................................... 4

Hardy v. New York City Health and Hospital Corp.,
  164 F.3d 789 (2d Cir. 1999) ..................................................................................... 8

Harris v. Forklift Sys., Inc.,
  510 U.S. 17 (1993) .................................................................................................... 5

Leibowitz v. Bank Leumi Trust Co. of New York,
  152 A.D.2d 169 (2d Dep't 1989) ............................................................................ 10

Leon v. Rockland Psychiatric Ctr.,
    232 F. Supp. 3d 420 (S.D.N.Y. 2017) .................................................................................... 4

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015) .................................................................................................. 6

Luka v. Bard College,
    263 F. Supp. 3d 478 (S.D.N.Y. 2017) .................................................................................... 7

Makarova v. U.S.,
    201 F.3d 110 (2d Cir. 2000) .................................................................................................. 4

Manway Constr. Co., Inc. v. Hous. Auth. of City of Hartford,
    711 F.2d 501 (2d Cir. 1983) .................................................................................................. 4

Moore v. City of New York,
    2010 WL 742981 (S.D.N.Y. Mar. 2, 2010) ........................................................................... 8

Oshinsky v. New York City Hous. Auth.,
    2000 WL 1225796 (S.D.N.Y. Aug. 28, 2000) ..................................................................... 10

Parochial Bus. Sys., Inc. v. Bd. of Educ. City of New York,
    60 N.Y.2d 539 (1983) ............................................................................................................ 8

Picciano v. Nassau Cty. Civil Serv. Comm'n.,
    290 A.D.2d 164 (2001) .......................................................................................................... 9

Pinchasow v. United States,
    408 F.Supp.2d 138 (E.D.N.Y. 2006) ..................................................................................... 4

Poulos v. City of New York,
    2015 WL 5707496 (S.D.N.Y. 2015) .................................................................................... 10

Regional Economic Community Action Program, Inc. v. Enlarged City Sch. Dist. of
    Middletown,
    18 N.Y.3d 474 (2012) ............................................................................................................ 9

Thomas v. Five Star Elec.,
    2019 WL 13125152 (S.D.N.Y. Aug. 23, 2019) ..................................................................... 5

Wang v. Phoenix Satellite Television US, Inc.,
    976 F. Supp. 2d 527 (S.D.N.Y. 2013) ................................................................................ 5, 6

Wyllie v. District Attorney,
    2 A.D.3d 714 (2d Dep't 2003) ............................................................................................. 10

**Statutes**

N.Y. Exec Law § 297(9) ............................................................................................................. 9
N.Y. Educ. Law § 3813 .............................................................................................. 1, 2, 7, 8, 9
N.Y. Gen. Mun. Law § 50-e ................................................................................................... 2, 8

**Rules**

FRCP Rule 8(a) ........................................................................................................................... 2
FRCP Rule 12(b)(1) ............................................................................................................ 1, 2, 4
FRCP Rule 12(b)(6) ................................................................................................................ 1, 4

**PRELIMINARY STATEMENT**

The defendant, the Mahopac Central School District ("the District"), by and through its attorneys, SILVERMAN & ASSOCIATES, respectfully submits this Memorandum of Law in support of its Motion to Dismiss, with prejudice, the plaintiff's Complaint for failure to state a claim pursuant to FRCP Rules 12(b)(1) and 12(b)(6), because it is barred by the applicable statute of limitations, and for such other and further relief as this Court deems appropriate.

The Complaint is utterly devoid of any factual allegations that would support a cause of action under any theory. The Complaint includes mere reference to a claim of employment discrimination, as well as a prayer for damages for pain and suffering, and emotional distress. The exhibits appended to the Complaint amount to little more than a recitation of the plaintiff's procedural history with the Division of Human Rights ("DHR"). Notably, the plaintiff omits his original complaint, instead incorporates his rebuttal, in which he alleges that a woman told her that her friend had been hired as a bus driver with a class "C" license while his applications for a bus driver position, with a class "B" license, did not blossom into a road test or into being hired. The plaintiff alleges he was not hired due to his race, and that there are no African American bus drivers at the District.

Pursuant to Rule 12(b)(6), the defendant respectfully submits that the plaintiff's Complaint should be dismissed as a matter of law as it fails to state a claim upon which relief can be granted on the grounds that the plaintiff fails to adequately plead factual allegations to support any claim, including a claim of race discrimination pursuant to Title VII or the New York State Human Rights Law ("NYSHRL").

Pursuant to Rule 12(b)(1), the defendant also respectfully submits that the plaintiff's failure to timely present a Notice of Claim as required by New York Education Law § 3813 ("§ 3813")

1

and/or New York General Municipal Law § 50-e ("GML § 50-e"), and to allege compliance with same in his Complaint, deprives the Court of subject matter jurisdiction and precludes any state law causes of action, such that they are alleged.

Additionally, the defendant also respectfully submits that, to the extent any have been alleged, the plaintiff's state law claims are time barred pursuant to § 3813(2-b). Finally, the defendant respectfully submits that the plaintiff's Complaint fails to adhere to the pleading standard set forth in FRCP Rule 8(a). Indeed, the Complaint itself lacks any allegations of fact to state a claim for relief.

## STATEMENT OF FACTS[1]

The plaintiff filled out applications for a per diem bus driver position with the District on May 10, 2019, June 4, 2019, and July 7, 2019. (Doc. No. 1, pp. 7, 13-14). However, his June 4, 2019 and July 7, 2019 applications were incomplete and missing information. (Doc. No. 1, pp. 8, 14, 16, 25). He also failed to follow the application instructions and submitted both applications to the Transportation Office, instead of to the Human Resources Office. (Doc. No. 1, p. 8). Nonetheless, the plaintiff's application remains on file with the District for future per diem bus driver vacancies. (Doc. No. 1, pp. 8-9). Applications are reviewed in the order in which they are received and only when the need for a per diem bus driver arises does the District identity applicants who meet the qualifications and then contact them to proceed with the hiring process. (Doc. No. 1, p. 8).

---

[1] The defendant again notes that there are no factual allegations in the plaintiff's Complaint to support a cause of action under any theory. The defendant denies the plaintiff's allegations to the extent they are raised in the Complaint or his DHR rebuttal, and assume them to be true only for the purposes of this Motion.

The plaintiff spoke to a woman waiting in the Transportation Office who informed him her friend, with a Class C driver's license, was taking a road test after filling in an application the week prior. (Doc. No. 1, p. 14). The plaintiff later spoke to the woman who informed him her friend had been hired. (Doc. No. 1, p. 14). The plaintiff has a Class B license. (Doc. No. 1, p. 14). The plaintiff did not see any African American bus drivers during his visits to the Transportation Office. (Doc. No. 1, p. 14). The plaintiff spoke to a driver who had been employed by the District for three years and who stated there were no African American, Hispanic, or other nationality drivers. (Doc. No. 1, p. 15). The plaintiff was accompanied on June 4, 2019 by his friend and former colleague, Medhat Fanous. (Doc. No. 1, pp. 13, 16). Mr. Fanous is a per diem bus driver with the District. (Doc. No. 1, p. 7). Mr. Fanous was hired on February 28, 2019 based on his application received on October 16, 2018. (Doc. No. 1, p. 7). Mr. Fanous is African American. (Doc No. 1, p. 26).

## ARGUMENT

## POINT I: STANDARD OF REVIEW

It is well-settled that a complaint will be dismissed under 12(b)(6) where it does not contain enough allegations of fact to state a clam for relief that is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544. 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to make a reasonable inference that the defendant is liable for the alleged misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) In deciding a dismissal on such grounds, the Court is required to accept the material facts alleged in the complaint as true, and to draw all reasonable inferences in the plaintiff's favor. Id. at 678-79. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. Unsupported inferences, assumptions, and legal conclusions masquerading as factual conclusions will not be sufficient to prevent a motion to

dismiss. Gebhardt v. Allspect, Inc., 96 F.Supp.2d 331, 333 (S.D.N.Y. 2000). In its analysis, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993). The movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6)." Leon v. Rockland Psychiatric Ctr., 232 F. Supp. 3d 420, 426–27 (S.D.N.Y. 2017).

A case is properly dismissed for lack of subject matter jurisdiction pursuant to FRCP Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Pinchasow v. United States, 408 F.Supp.2d 138, 141 (E.D.N.Y. 2006); Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). Where a court lacks subject matter jurisdiction, dismissal must follow. Manway Constr. Co., Inc. v. Hous. Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983). When a court is presented with an FRCP Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court construes all ambiguities and draws all inferences in the plaintiff's favor. Makarova, 201 F.3d at 113. In resolving such a motion, a court may refer to evidence outside the pleadings. Id. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. Id.

### POINT II: ANY TITLE VII OR NYSHRL CLAIMS FAIL AS A MATTER OF LAW

The Complaint itself is utterly devoid of any allegations of fact to state a claim for relief that is plausible on its face. The sole document appended to the Complaint that is comprised of the plaintiff's own statements or allegations, namely his rebuttal to the defendant's DHR position statement, is replete with unsupported inferences, assumptions, contradictory assertions, and not an iota of plausibility. As claims under Title VII and the NYSHRL are analyzed under the same

standard, and the plaintiff has not plausibly alleged any facts to support a finding of race discrimination under any available statute, dismissal of his Complaint is warranted. Wang v. Phoenix Satellite Television US, Inc., 976 F. Supp. 2d 527, 537 (S.D.N.Y. 2013).

As an initial matter, to the extent the plaintiff is alleging discrimination or a hostile work environment under either statute, the Complaint does not, and cannot establish, the perquisite of an employment relationship. Thomas v. Five Star Elec., 2019 WL 13125152, at *11 (S.D.N.Y. Aug. 23, 2019). Indeed, the plaintiff readily alleges that he was never employed by the District, and premises his claim on the fact that he has not been hired as a per diem bus driver despite completing applications. Accordingly, as no plausible employment relationship of any sort can be said to exist between the plaintiff and the District, the plaintiff thus has failed to state a claim against the District under Title VII or the NYSHRL. Id. Title VII is violated when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993). The plaintiff has not, and cannot allege, any alteration to the conditions of his employment given that he has never been a District employee.

By contrast, in order to sustain a claim for failure to hire, a plaintiff must allege he applied for an available position for which he was qualified and was rejected under circumstances giving rise to an inference of unlawful discrimination. Wang, 976 F. Supp. 2d at 537. The plaintiff must have at least minimal support for the proposition that the employer was motivated by discriminatory intent. Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015). To establish a *prima facie* case of hiring discrimination, the plaintiff must plausibly allege that he 1) belonged to a protected class, 2) applied and was qualified for a job for which the employer was

seeking applicants, 3) was rejected despite being qualified, and 4) the position remains open or was filled by someone not a member of his protected class. Gaffney v. Dep't of Info. Tech. & Telecommunications, 536 F. Supp. 2d 445, 462 (S.D.N.Y. 2008). The plaintiff has not alleged a single element of a *prima facie* hiring discrimination claim and dismissal of his Title VII and NYRHSL claims, to the extent they are alleged, should eventuate.

The Complaint itself is notably devoid of any allegation of the plaintiff's membership in a protected class – indeed the Complaint only mentions "employment discrimination". (Complaint, first paragraph). Construing the exhibits appended thereto in a light most favorable to the plaintiff, the plaintiff likewise fails to allege his own race, instead referencing his Jamaican national origin, and consistently positing why there are no African American, Hispanic, or other nationality drivers, and why he doesn't even see one African American. (Doc. No. 1, pp. 14-15). Even accepting the supporting documents, none of which are penned by the plaintiff, which reference a claim of race discrimination, the plaintiff has utterly failed to allege he *successfully* completed an application, was qualified for the job, or that the District was seeking applicants, or that he was rejected, or that the District has hired a non-African American per diem driver since any purported rejection. Indeed, the plaintiff himself recounts that "whenever you take a driver out on a road test, [it] is because you have an opening." (Doc. No. 1, p. 16). The plaintiff was never taken out on a road test. (Doc. No. 1, p. 14).

In addition to the plaintiff's failure to allege he was rejected for any position, he likewise has not provided even minimal support for the proposition that the District has not hired him based upon his race. The plaintiff never alleges the race of the woman who purportedly was hired with a Class C license, which, additionally, occurred while the plaintiff was still availing himself of the application process. Moreover, the only employee he references, Mr. Fanous, is himself an African

6

American per diem bus driver. Finally, the plaintiff has not alleged that any non-African American drivers were hired subsequent to him completing his application. Again, the plaintiff has not even provided minimal support for the proposition that the District, never his employer, was motivated by discriminatory intent, as it required at the motion to dismiss stage. Luka v. Bard College, 263 F. Supp. 3d 478, 484-85 (S.D.N.Y. 2017). For the foregoing reasons, the plaintiff cannot sustain a failure to hire claim under either Title VII or the NYSHRL and his Complaint should be dismissed in its entirety.

**POINT III: ANY STATE LAW CLAIMS LIKEWISE FAIL AS A MATTER OF LAW**

To the extent the Complaint can be construed to allege to discrimination or hostile work environment on the basis of the plaintiff's race in violation of the NYSHRL, as discussed, *supra*, the plaintiff has not approached the pleading standard for any such claim under any statute. Likewise, the Complaint does not plausibly allege a claim of negligent or intentional infliction of emotional distress. Moreover, the plaintiff's state law claims are time-barred, and precluded on the basis of the plaintiff's failure to properly comply with a condition precedent.

**A. Failure to Comply with Condition Precedent**

The Court lacks subject matter jurisdiction over any state law claim the plaintiff could have alleged. Pursuant to § 3813, no action can be maintained against a district unless a notice of claim has been presented to the governing body of the school district within three months of the accrual of such claim. N.Y. Educ. Law 3813(1) and (2); Parochial Bus. Sys., Inc. v. Bd. of Educ. City of New York, 60 N.Y.2d 539 (1983); Moore v. City of New York, 2010 WL 742981 at * 9-10 (S.D.N.Y. Mar. 2, 2010); Biggers v. Brookhaven-Comsewogue Union Free School Dist., 127 F.Supp.2d 452, 454-55 (S.D.N.Y. 2001). The failure to present a notice of claim within ninety days of the accrual of the claim is a fatal defect and deprives the Court of subject matter

7

jurisdiction. Biggers, 127 F.Supp.2d at 455; Moore, 2010 WL 742981 at * 9-10. A party may make an application to file a late notice of claim, but such extension shall not exceed the time limited for the commencement of an action by the claimant against any district. N.Y. Educ. Law 3813(2-a). New York's law requires a plaintiff to plead in the complaint that he or she complied with the notice of claim requirements of § 3813(1) and/or GML § 50-e. Hardy v. New York City Health and Hospital Corp., 164 F.3d 789, 793 (2d Cir. 1999); Moore, 2010 WL 742981 at * 9.

Here, the Complaint is entirely devoid of any allegation that the plaintiff complied with the notice of claim requirements of § 3813 and/or GML §§ 50-e relative to his claims, and this deprives the court of subject matter jurisdiction and warrants dismissal of the Complaint. Nor can the plaintiff move for leave to file a late notice of claim, as his claim, to the extent it exists, arose more than one year prior to the filing of the instant action. The plaintiff's failure to allege service of a notice of claim also constitutes a failure to state a claim and warrants dismissal on that basis, as well.

B. **Untimeliness**

In addition, any state law claims, including any possible claim of a violation of the NYSHRL are additionally foreclosed based upon untimeliness. It is well-settled that pursuant to § 3813(2-b) no action except one sounding in tort may be commenced against a school district more than one year after the cause of action arose. N.Y. Educ. Law § 3813(2-b); see also Regional Economic Community Action Program, Inc. v. Enlarged City Sch. Dist. of Middletown, 18 N.Y.3d 474, 479 (2012). Amorosi v. South Colonie Ind. Cent. School Dist., 9 N.Y.3d 367, 371-73 (2007). It is well-settled law that a cause of action under NYSHRL is not categorized as a tort. Picciano v. Nassau Cty. Civil Serv. Comm'n., 290 A.D.2d 164, 170 (2001). Indeed, § 3813(2-b) requires that damage claims for workplace discrimination pursuant to the NYSHRL against a school district be

commenced within one year. Cincotta v. Hempstead Union Free Sch. Dist., 2016 WL 4536873, at *17 (E.D.N.Y. Aug. 30, 2016).

Therefore, to the extent alleged, any and all NYSHRL claims arising out of alleged acts, decisions and/or omissions that occurred prior to November 29, 2020, or one year prior to date the instant action was commenced, are time-barred. This includes the plaintiff's purportedly unsuccessful applications to become a bus driver with the Distict alleged to have been filled out on May 10, 2019, June 4, 2019, and July 7, 2019. As such, to the extent such claims can be said to exist, they would be time-barred by a period of over one year.

In addition, the plaintiff would not be entitled to any toll of his statute of limitations based upon the filing of his DHR complaint. Several federal courts have held that claims brought against school districts must comply with the strict one-year statute of limitations period set forth in § 3813. Bertuzzi v. Copiague Union Free Sch. Dist., 2020 WL 5899949, at *22 (E.D.N.Y. Mar. 9, 2020), report and recommendation adopted as modified, 2020 WL 3989493 (E.D.N.Y. July 15, 2020). Moreover, to the extent the plaintiff requested the DHR to dismiss his case in order to annul his election of remedies and pursue his claim in another forum, that alone prohibits the plaintiff from benefitting from any toll otherwise afforded for DHR complaints. See N. Y. Exec L. § 297(9)[2]; Oshinsky v. New York City Hous. Auth., 2000 WL 1225796, at *5 (S.D.N.Y. Aug. 28, 2000).

C. **Emotional Distress Claims**

In light of the plaintiff's reference to emotional distress as grounds for monetary relief, an expression of damages as opposed to liability, the defendant reiterates that the plaintiff has not

---

[2] Subsequent to 1997 amendment.

9

actually plausibly alleged any cause of action, including one sounding in negligent or intentional infliction of emotional distress. (Complaint, first paragraph).

The plaintiff does not allege any facts whatsoever, and therefore cannot sustain any argument that the District's conduct was so outrageous in character, or so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community to support a claim of intentional infliction of emotional distress. Chanko v. American Broadcasting Companies Inc., 27 N.Y.3d 46 (2016). Additionally, municipal entities such as the District cannot be held liable for claims of intentional infliction of emotional distress. Wyllie v. District Attorney, 2 A.D.3d 714, 720 (2d Dep't 2003).

Nor has the plaintiff alleged, let alone plausibly, a claim of negligent infliction of emotional distress, which requires a showing that the conduct unreasonably endangered the plaintiff's physical safety. Poulos v. City of New York, 2015 WL 5707496 (S.D.N.Y. 2015). Indeed, the challenged acts must be so outrageous in character and so extreme in degree that they are utterly intolerable in a civilized community. See Leibowitz v. Bank Leumi Trust Co. of New York, 152 A.D.2d 169, 182 (2d Dep't 1989). As no acts are actually alleged, the plaintiff cannot sustain, to the extent it could even be assumed to have been alleged, any claim of infliction of emotional distress. Even construing the documents appended to the Complaint in a light most favorable to the plaintiff, his unsuccessful bus driver applications on May 10, 2019, June 4, 2019 (which the plaintiff concedes he was not able to complete because he was, oddly, missing his driver's license), and July 7, 2019; his anecdotal understanding that a woman with a Class "B" license was hired; and that he did not see any black bus drivers on his visits to the District. (Doc. No. 1, pp. 13-14). Nothing alleged remotely implicates a claim of negligent infliction of emotional distress.

For the foregoing reasons, the plaintiff's state law claims fail as a matter of law, and the Complaint should be dismissed in its entirety and with prejudice.

## **CONCLUSION**

For all the foregoing reasons, the defendants respectfully request that its motion be granted in its entirety and that the plaintiff's Complaint be dismissed as a matter of law, with prejudice, and for such other and further relief as this Court deems appropriate.

Dated: White Plains, New York
      March 1, 2022

Respectfully submitted,

**SILVERMAN & ASSOCIATES**

By: *Karen Rudnicki*
Caroline B. Lineen
Karen C. Rudnicki
Attorneys for Defendants
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510