SILVERMAN | ATTORNEYS
&ASSOCIATES | AT LAW

April 6, 2022

**Via ECF**

Honorable Philip M. Halpern
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

  Re: *Garfield Henry v. Mahopac Central School District*
     Docket No.: 21-cv-10115 (PMH)(AEK)
     Our File No.: 5001.567

Dear Judge Halpern:

We represent the defendant in the above-referenced matter and write in opposition to plaintiff's request for a pre-motion conference and leave to amend his Complaint.

The plaintiff's proposed amendments are patently futile in that they are merely a summation of the written instruments attached to the original complaint. These exhibits consist of the plaintiff's Right to Sue Letter, the District's response to the plaintiff's Division of Human Rights ("DHR") complaint, the plaintiff's rebuttal to the District's response, the findings of the DHR, and the correspondence between the Division and the plaintiff regarding his request for a dismissal for administrative convenience. (Doc. No. 1). As such, these documents were considered a part of the pleading for the purposes of the defendant's motion to dismiss. See Fed.R.Civ.P. 10(c); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). Proposed amendments are considered futile if they fail to cure prior deficiencies or they cannot withstand a motion to dismiss pursuant to Rule 12(b)(6). Panther Partners Inc. v. Ikanos Comm. Inc., 681 F.3d 114, 119 (2d Cir. 2012).

Indeed, the "new" factual allegations comprising the Proposed Amended Complaint (PAC ¶¶ 10-28) are drawn directly from, and simply recite, the exhibits appended to the plaintiff's Complaint, and which similarly fail to plausibly allege any cause of action. The allegations included in the proposed amendments regarding the plaintiff's various bus driver applications and interactions with personnel at the District's bus garage are lifted straight out of the plaintiff's DHR rebuttal (PAC ¶¶ 14-18, 20-25; Complaint, Exhibit C), while the allegations regarding hiring statistics are taken from the District's Response. (PAC ¶¶ 27-28; Complaint, Exhibit B). The proposed amendments pertaining to procedural background are similarly futile as they were already before the parties based upon the plaintiff's inclusion of his Right to Sue letter (Complaint, Exhibit A). The plaintiff's amendments do not even address the timing of the filing of his EEOC charge, only reiterate the date of the Right to Sue letter. (PAC ¶ 4). Moreover, the plaintiff does not rectify his earlier failure to plead compliance with the notice of claim requirements of Education Law § 3813(1) and/or General Municipal Law § 50-e.

The remaining allegations included in the Proposed Amended Complaint are those that are self-evident from the original complaint and which were already addressed in the defendant's moving papers, namely that the plaintiff is an African-American male, has worked as a bus driver, and alleges race-based employment discrimination on the basis of a failure to hire. (PAC ¶¶ 10-11, 13). The plaintiff's allegations pertaining to his qualifications, and claims of race-based discrimination, are actually more conclusory and less plausible than even the plaintiff's original pleading. (PAC ¶¶ 12, 19, 26). Finally, it should be noted that based upon the plaintiff's own words, his July 7, 2019 application was merely a re-do of his June 4, 2019 application, which is an admission that cannot be overcome by further inartful pleadings. (PAC ¶¶ 16, 20; Complaint, Exhibit C, p. 2).



Nor does the plaintiff raise any new legal claim in his proposed amendments, and the defendant has already addressed the plaintiff's implausibly alleged claims of violations of Title VII and the NYSHRL. In addition, the plaintiff's argument that the DHR's probable cause finding demands discovery in this case to proceed is entirely unavailing, as is the plaintiff's argument that merely by securing representation, he should be afforded an opportunity to waste resources on the filing of a patently futile amended pleading. The plaintiff's excessively long pre-motion letter also seems to address arguments in opposition to the defendant's motion to dismiss, improperly raised in a pre-motion conference request. To the extent such arguments are deemed properly served, the defendant respectfully reserves the right to address any and all such argument in its reply.

Based on the patent futility of the plaintiff's proposed amendments, the defendant respectfully requests that the Court deny the plaintiff's motion for leave to amend, in its entirety.

We thank the Court for its consideration of this matter.

Respectfully submitted,

**SILVERMAN & ASSOCIATES**

*Karen Rudnicki*

Karen Rudnicki