**SILVERMAN** | ATTORNEYS
**& ASSOCIATES** AT LA

April 15, 2022

**Via ECF**

Honorable Philip M. Halpern
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   *Garfield Henry v. Mahopac Central School*
Docket No.:  21-cv-10115 (PMH)(AEK)
Our File No.: 5001.567

Dear Judge Halpern:

We represent the defendant in the above-referenced matter and write to respectfully request

a pre-motion conference and leave to file our motion to dismiss the plaintiff's Amended Complaint

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Amended

Complaint fails to plausibly allege any cause of action  and the plaintiff's failure to comply with

the notice of claim requirements applicable to suits against a school district deprives the Court of

subject matter jurisdiction over any state law claims asserted therein.

As an initial matter, the Court lacks subject matter jurisdiction over any state law claim the

plaintiff has alleged. Pursuant to New York Education Law § 3813 ("§ 3813"), as no action can be

maintained against a district unless a notice of claim has been presented to the governing body of

the school district within three months of the accrual of such claim. N.Y. Educ. Law 3813(1) and

(2); Parochial Bus. Sys., Inc. v. Bd. of Educ. City of New York, 60 N.Y.2d 539 (1983); DT v.

Somers Central School Dist., 127 F.Supp.2d 452, 454-55 (S.D.N.Y. 2001); Moore v. City of New

York, 2010 WL 742981 at * 9-10 (S.D.N.Y. Mar. 2, 2010); Biggers v. Brookhaven-Comsewogue

Union Free School Dist., 127 F.Supp.2d 452, 454-55 (S.D.N.Y. 2001). The failure to present a

Application granted. The Court shall hold a
telephonic pre-motion conference at 11:0 a.m.
on June 28, 2022. At the time of the conference,
all parties shall call: (888) 398-2342; access
code: 3456831.

In light of the foregoing, the pending motion to
dismiss is denied as moot.

The Clerk of the Court is respectfully directed to
terminate the motion sequences pending at Doc.
17 and Doc. 29.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        April 21, 2022

notice of claim within ninety days of the accrual of the claim is a fatal defect and deprives the Court of subject matter jurisdiction. <u>Biggers</u>, 127 F.Supp.2d at 455; <u>Moore</u>, 2010 WL 742981 at * 9-10. A party may make an application to file a late notice of claim, but such extension shall not exceed the time limited for the commencement of an action by the claimant against any district. <u>N.Y. Educ. Law 3813(2-a)</u>. New York's law requires a plaintiff to plead in the complaint that he or she complied with the notice of claim requirements of § 3813(1) and/or General Municipal Law § 50-e ("GML § 50-e"). <u>Hardy v. New York City Health and Hospital Corp.</u>, 164 F.3d 789, 793 (2d Cir. 1999); <u>Moore</u>, 2010 WL 742981 at * 9.

Here, the Amended Complaint is entirely devoid of any allegation that the plaintiff complied with the notice of claim requirements of § 3813 and/or GML §§ 50-e relative to his state law claims, and this deprives the court of subject matter jurisdiction and warrants dismissal of the of any and all state law claims. In addition, the plaintiff's failure to allege service of a notice of claim also constitutes a failure to state a claim and warrants dismissal on that basis, as well.

In addition, any state law claims, violation of the New York State Human Rights Law ("NYSHRL"), are additionally foreclosed based upon untimeliness. § 3813(2-b) requires that damage claims for workplace discrimination pursuant to the NYSHRL against a school district and its officers be commenced within one year. <u>Cincotta v. Hempstead Union Free Sch. Dist.</u>, 2016 WL 4536873, at *17 (E.D.N.Y. 2016). Therefore, to the extent alleged, any and all NYSHRL claims arising out of alleged acts, decisions and/or omissions that occurred prior to November 29, 2020, or one year prior to date the instant action was commenced, are time-barred. In light of the fact that the plaintiff filed his DHR complaint alleging violation(s) of the NYSHRL on August 14, 2019, it naturally follows that his claims arose prior to that day. As such, to the extent such claims can be said to exist, they would be time-barred by a period of over one year.



The plaintiff would not be entitled to any toll of his statute of limitations based upon the filing of his DHR complaint. Several federal courts have held that claims brought against school districts must comply with the strict one-year statute of limitations period set forth in  § 3813. Bertuzzi v. Copiague Union Free Sch. Dist., 2020 WL 5899949, at *22 (E.D.N.Y. Mar. 9, 2020), report and recommendation adopted as modified, 2020 WL 3989493 (E.D.N.Y. July 15, 2020). Moreover, to the extent the plaintiff requested the DHR to dismiss his case in order to annul his election of remedies and pursue his claim in another forum, that alone prohibits the plaintiff from benefitting from any toll otherwise afforded for DHR complaints. See N. Y. Exec L. § 297(9)[1]; Oshinsky v. New York City Hous. Auth., 2000 WL 1225796, at *5 (S.D.N.Y. Aug. 28, 2000). Additionally, application of Executive Order 202.8 does not alter the untimeliness of the plaintiff's claims.

Finally, in regard to the plaintiff's Title VII claims, any such claims would be barred by the plaintiff's failure to first file a timely charge with the United States Equal Employment Opportunity Commission ("EEOC"). Staten v. City of New York, 2015 WL 4461688, at *8 (S.D.N.Y. July 20, 2015), aff'd, 653 F. App'x 78 (2d Cir. 2016). See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). The plaintiff's amendments do not address the timing of the filing of his EEOC charge, only reiterate the date of the Right to Sue letter. As such, we will interpose arguments relative to the untimeliness of certain of the plaintiff's Title VII claims based upon the filing date of the plaintiff's DHR Complaint. Moreover, the plaintiff is bound by an earlier judicial admission denoting that the District employs an African American bus driver. In short, the plaintiff has not plead sufficient facts to demonstrate a nexus between any alleged failure to hire and his race, and has therefore not stated a plausible Title VII claim. Indeed, the scant nature of

---

[1] Subsequent to 1997 amendment.

SILVERMAN | ATTORNEYS
& ASSOCIATES | AT LAW

the Amended Complaint is insufficient to withstand a motion to dismiss and fails to plausibly assert any cause of action against the District.

For all the foregoing reasons and others that will be further developed in briefing, the plaintiff's Amended Complaint is subject to dismissal in its entirety for failure to state a claim pursuant to FRCP Rule 12(b)(6) and based on the lack of subject matter jurisdiction pursuant to FRCP Rule 12(b)(1). Therefore, the defendant respectfully requests that the Court schedule a pre-motion conference or, in the alternative, again grant permission for the District to file its motion to dismiss.

We thank the Court for its consideration of this matter.

Respectfully submitted,

**SILVERMAN & ASSOCIATES**

Karen Rudnicki